ALEXANDER B. SHAW, complainant-respondent,

*v.*

STANDARD PIANO COMPANY, a corporation of the State of New Jersey, defendant-appellant.

[Argued July, 1916.   Decided March 5th, 1917.]

1. The provision in *P. L. 1912 p. 535* for the appointment of a receiver without notice is in conflict with the constitutional inhibition against taking of property without due process of law.

2. As this provision is separable from the rest of the act, its invalidity will not carry with it the remainder of the act.

87 N. J. Eq.　　　　　Shaw v. Standard Piano Co.

3. Where a corporation appeared to the suit, filed its answer and answering affidavits, proceeded to a hearing on the meritorious questions as to its insolvency and the appointment of a receiver, and there was a finding, by the court, upon ample testimony that the corporation was insolvent and the appointment of a statutory receiver necessary—*Held*, that the appointment, by the court, of such receiver theretofore made without notice afforded no proper ground for complaint, since it appeared that the corporation was not aggrieved thereby.

4. Until bankruptcy proceedings are actually begun, no attack can be made against insolvency proceedings in this court on the ground that the Bankruptcy act is paramount.

On appeal from a decree of the court of chancery, reported in *86 N. J. Eq. 137*.

*Mr. Frank E. Bradner*, for the appellant.

*Messrs. Pitney, Hardin & Skinner* (*Mr. Joseph Weissenbach*, of the Illinois bar, and *Mr. Corwin Howell* on the brief), for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The respondent filed his bill in the court of chancery praying that the appellant company be declared insolvent and be restrained from exercising any of its franchises, and from receiving any debts due to it, and from continuing its business and for the appointment of a receiver.

The facts set out in the bill were verified, not by the complainant, but by one Leon J. Kelley, who was at the time treasurer of the appellant company, and who it appears was familiar with and had knowledge of its business affairs and financial condition.

On the presentation and filing of the bill on the 26th day of January, 1916, and without notice to the appellant, the late Vice-Chancellor Howell advised an order declaring the appellant company insolvent and without funds to continue its business with safety to the public and advantage to its stockholders, and for the issuance of an injunction against and the appointment

of a receiver of the appellant company pursuant to the prayer of the bill. The order advised further recites, among other things, that the urgency of the case having required the appointment of a receiver, without notice to the creditors and stockholders of the appellant company, that such creditors and stockholders have leave to apply to the court of chancery, on Tuesday, the 8th day of February, 1916, without further notice, for the removal of the receiver above set forth and the appointment of another additional receiver.

The appellant company gave notice of an application to be made by it to the court of chancery to vacate the order appointing a receiver and for leave to file an answer and affidavits, and to discharge the receiver. The appellant company filed its answer with answering affidavits to the bill of complaint. Depositions were taken by the parties to the litigation and testimony was taken before the vice-chancellor; the meritorious questions in dispute were fully tried out and argued, with the result that on the 21st day of February, 1916, the court denied the appellant's application to open the decree of insolvency and discharge the receiver.

From the order made by the court of chancery declaring the appellant company insolvent and appointing a receiver without notice, and from the order denying the appellant's application to open the decree of insolvency and discharge the receiver, the appellant company appeals to this court.

Although we have arrived at the result that the decree of the court of chancery should be affirmed on the opinion of Vice-Chancellor Foster, reported in 97 Atl. Rep. 281, we find it imperative to point out that that part of the opinion which deals with the question of the appointment of a receiver, under the statute, upon the theory that such an appointment may be properly made upon the presentation of a verified bill showing a necessity therefor, without notice to the defendant does not meet with our sanction.

The learned vice-chancellor relies on section 65 of the Corporation act of 1896 (P. L. 1896 p. 298), as amended by the act of 1912 (P. L. 1912 p. 535), and on a long-continued practice in the court of chancery under this section as authorizing the ap-

pointment of a receiver without notice to the defendant. It is obvious from a plain reading of the section referred to that it attempts to confer such power on the court of chancery, as was exercised in the present case, but it needs no argument to demonstrate that the exercise of such a power is in direct conflict with the constitutional inhibition against the taking of the property of another without due process of law.

That the appointment of a receiver without affording the defendant an opportunity to be heard upon the application was a taking of its property without due process of law is manifest when it is considered that section 68 of the Corporation act provides that all the real and personal property of an insolvent corporation wheresoever situated and all its franchises, rights, privileges and effects shall, upon the appointment of a receiver, forthwith vest in him, and that the corporation shall be divested of all title thereto.

We, therefore, conclude that the provision in section 65 of the Corporation act authorizing the appointment of a receiver without notice to the defendant corporation is unconstitutional.

But since it appears that this provision is separable from the other provisions of this section, it may be excised therefrom, without affecting the validity of the other provisions contained therein. See *State* v. *Corson, 67 N. J. Law 187*, and cases there cited; *Schwarz Brothers Co.* v. *Board of Health, 84 N. J. Law 739*.

The appellant, however, cannot derive any benefit from the result reached on this branch of the case, because it does not appear that it was in anywise aggrieved by the procedure pursued as to the appointment of the receiver, and herein condemned as improper. The appellant appeared to the suit, filed its answer and answering affidavits, proceeded to a hearing on the meritorious questions as to its insolvency and the appointment of a receiver, and it appears that there was ample testimony before the vice-chancellor which afforded a reasonable basis to his findings that the appellant corporation was insolvent and the appointment of a receiver necessary.

Another point urged by counsel for appellant and which appears not to have been dealt with in the opinion of the court be-

law is, that the orders appealed from should be reversed because the Federal Bankruptcy act of 1898 has suspended state insolvency laws, in so far as it operates upon the same subject-matters, persons and rights.

Counsel argues in support of this proposition that since both laws in the present case operate upon the same subject-matter, namely, the assets of the corporation; and the same persons, namely, the corporation and its creditors; and upon the same rights, namely, the *pro rata* distribution of assets among its creditors, the effect is that the state insolvency laws are suspended.

Undoubtedly, this would be true if it had appeared that the jurisdiction of the federal bankruptcy court had been invoked, and since it appears that it was not, the question argued is not presented for decision.

The decree appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—12.

*For reversal*—None.