An application for the issuance of a commission in the nature of a writ of de lunatico inquirendo was filed in this court in December, 1926. It was by Amelia L. Harris, wife of the alleged lunatic, and it contains a petition for an injunction against certain parties from collecting and paying out moneys of his estate, and for the appointment of a receiver to take charge of his business and affairs. This is irregular. There should be a straight petition for a commission in lunacy and another petition for a receiver. However, this is mere matter of form, which the court may waive.
The petition shows that Harris is seized of considerable property, real and personal, and very properly avers that pending the determination as to his sanity and the appointment of a guardian, that a receiver should be appointed to take charge of his property and affairs. The appointment of a receiver in these circumstances is in accordance with precedent and the quite uniform practice of the court.
The case of lunatics is the only exception to the rule that a receiver will not be appointed unless a suit is pending. Vice-Chancellor Green, In re Devausney, 52 N.J. Eq. 502 (at p.507), citing authority. In this case the vice-chancellor held that the court of chancery has jurisdiction to have a commission issued and to appoint a receiver for a lunatic; and that this has been done, generally, pending judicial proceedings, on the ground that there is no person entitled to the property, who is, at the same time, competent to hold and manage the estate. Ibid.
 In the matter of Runey Dey, 9 N.J. Eq. 181, Chancellor Williamson held that this court has the power to make a provisional order to protect a lunatic's property pending the proceedings under the commission, and he had no doubt of the court's power, citing authorities.
In re Sulk, 74 N.J. Eq. 736, I, as vice-chancellor, directed the payment out of a fund in the hands of the receiver pendentelite, of costs and counsel fees and his own commissions, where the subject of the inquisition had been found to be of sound mind, the court having control of the fund. And (at p. 740) I said that the court undoubtedly acted within its *Page 3 
power in appointing the temporary receiver, citing In re RuneyDey and In re Devausney, supra.
A receiver may be appointed over the estate of a person pending a judicial proceeding in respect to his sanity, in order to prevent the wasting or mismanagement of his property. 1 Tardy'sSm. Rec. 349 § 102.
In a proper case the court will, pending an application for an inquisition, appoint an interim receiver of an estate of a supposed lunatic, and if the case is urgent, will do so upon anex parte application. In re Pountain, 37 Ch. D. 609.
"The main purpose of a commission de lunatico inquirendo is to determine in the first place whether the subject of the inquiry is a lunatic or not, and if he is found to be a lunatic, then to provide for the safeguarding of both his person and his property. Pending the inquiry, it sometimes becomes necessary to make temporary provision for the custody or keeping of one or both. The appointment of such a temporary custodian or receiverpendente lite to prevent mismanagement or waste of the alleged lunatic's property, c., rests in the sound discretion of the court in which the inquiry is pending; and it requires a clear case of abuse of that discretion to justify the interposition of an appellate court." In re Misselwitz, 177 Pa. St. 359.
In that case a petition on behalf of a wife, that a commission in the nature of a writ de lunatico inquirendo might issue, to inquire whether her husband was a lunatic and incapable of managing his estate, was presented, and on the same day she presented another petition reciting certain moneys of his estate and praying for the appointment of a receiver to prevent the further wasting of the estate of her husband, whereupon the court appointed a receiver pendente lite. In the course of his opinion the chief-justice remarked (at p. 362): "We find nothing in the record to justify the obstructive intervention of the appellants. If protection, rather than wasting of the remnant of their principal's estate, was their object, it could have been much better accomplished by co-operating with his wife in promoting the speedy determination of that question, involving, as it did, the validity of their authority to act as attorneys in fact of the alleged *Page 4 
lunatic." And (at p. 363): "In the case before us the statutory mode of proceeding was pursued, and the only question is, whether, pending an inquiry, the court had the power to prevent waste of the alleged lunatic's property. It requires neither argument nor citation of authorities to show that the court has inherent power to do what was done."
In Shelf. Lun. [*]127, it is laid down that "the court will protect the property of a supposed lunatic in the interval between the presenting of a petition for a commission of lunacy and the finding of the jury, but it ought at the same time to take care that ample means for resisting the commission will be furnished to those who act in the inquiry on behalf of the alleged lunatic." Of course it will.
The appointment of a custodial and managerial receiver for the property of a person alleged to be a lunatic, pending proceedings upon an inquisition, does not run counter to Shaw v. StandardPiano Co., 87 N.J. Eq. 350, and Morse v. MetropolitanSteamship Co., 88 N.J. Eq. 325, in the New Jersey court of errors and appeals. There the appointments were of statutory receivers for the corporations, upon appointment of whom, the property, real and personal, of the defendants, forthwith vested in the receivers, and the corporations were divested out of it.
It is a prerogative of the court of chancery to appoint a temporary receiver in lunacy cases. He is a mere custodial and managerial receiver. Title to the lunatic's property does not vest in him.
In the case sub judice the court will appoint a temporary custodial and managerial receiver of John W. Harris, alleged to be a lunatic, until the further order of the court in the premises; and before entering upon his duties he shall give bond in such sum and with such condition for the faithful performance of his duties, to be approved, c., which shall be settled upon presentation of an order.
The petition does not ask for an injunction at this time. The cases, however, warrant it.
 Order accordingly. *Page 5