JENNIE R. MORSE et al., complainants-respondents,

*v.*

METROPOLITAN STEAMSHIP COMPANY, defendant-appellant.

[Argued June term, 1917. Decided November term, 1917.]

1. Where corporate business was not being conducted in the sole interest of creditors and stockholders, the court of chancery has power at the suit of a stockholder to restrain the corporation from paying its debts or pursuing its business, and to appoint a receiver, under the inherent powers of the court and *P. L. 1912, p. 525.*

2. In a suit by minority stockholders to prevent diversion of the assets of the defendant corporation, those creditors whose claims are not yet due may intervene under the provisions of *P. L. 1912 p. 525.* A person is a creditor within the meaning of that act although the time for payment of his debt has not arrived.

3. As the provision in *P. L. 1912 p. 525,* authorizing the appointment of a receiver without notice is unconstitutional, a corporation may assert its invalidity although it was incorporated under the act to which it is an amendment; the presumption being that parties, whether natural or artificial, have entered into a contract with reference to valid laws only.

4. In a suit by minority stockholders against a corporation, that a receiver was appointed without notice to it, is immaterial where the order of appointment was subsequently confirmed after due notice.

5. In such a proceeding, an order that the receiver was invested with title to all the property of the corporation was erroneous, not being authorized by section 65 of the Corporation act, as amended by *P. L. 1912 p. 535,* or by section 68 of the Corporation act, which is applicable only to insolvent corporations.

On appeal from orders, advised by Vice-Chancellor Lane, for an injunction and the appointment of an equity and statutory receiver; reported in *87 N. J. Eq. 217.*

*Mr. Frederic J. Faulks,* for the appellant.

*Mr. Owen N. Brown* and *Mr. Conover English,* for the respondents.

The opinion of the court was delivered by

KALISCH, J. ·

The theory, upon which the complainant originally filed a
bill in her own behalf, as a stockholder, and all other stockhold-
ers who may come in and join with her, in the court of chan-
cery, against the Metropolitan Steamship Company, was fraud-
ulent conduct of its directors against the interests of the corpo-
ration. The prayer of the bill was for the removal of the
directors and the appointment of a receiver under the equity
powers of the court of chancery, &c.

The bill was filed in 1913. Subsequently on March 29th,
1913, the complainant filed an amended bill. The prayer of
relief of this amended bill asked the court of chancery to annul
a certain contract made by the appellant company with the
Pacific Navigation Company, and to appoint a receiver to take
control of the said Metropolitan Steamship Company, and man-
age and direct its business and to issue injunctions to enforce
the receivership.

The cause was brought on for a hearing on January 2d, 1917.

After all the testimony on both sides had been presented,
application was made to the court, on behalf of the complainant,
to amend the bill, and thereupon on the 15th day of February,
1917, the court granted the application, and the amended bill
was amended in two important particulars, by setting out
therein an averment that the business of the appellant com-
pany has been and is being conducted at a great loss and greatly
prejudicial to the creditors and stockholders, so that its busi-
ness cannot be conducted with safety to the public and ad-
vantage of the stockholders, and that if need be a receiver be
appointed, under the act entitled "An act concerning corpora-
tions" (Revision of 1896), and the acts amendatory thereto.

The act of 1912, chapter 300, page 535, amends the sixty-
fifth section of the Corporation act of the revision of 1896, in
that the court of chancery is invested with power to grant simi-
lar relief to a certain extent, in a case where it appears that
the business of a corporation has been and is being conducted

at a great loss and greatly prejudicial to the interest of its creditors or stockholders, so that its business cannot be conducted with safety to the public and the advantage to the stockholders, as in a case where the corporation has become insolvent.

Upon the bill as amended and upon the facts as developed on the hearing by the testimony the learned vice-chancellor made six separate orders from each of which the appellant appeals to this court.

The general grounds upon which the validity of the orders, is attacked is that nothing in the evidence warranted a finding that the company's business was being conducted otherwise than in the sole interest of its creditors and stockholders, or in a manner which would not result to the greatest benefit to them all.

We think there is evidence which amply supports the finding of the court below.

Counsel for appellant urges that the court below erred in restraining the defendant company from paying its debts or from pursuing through the agency of its directors and stockholders the business for which it was organized, and in appointing a receiver under the general equity powers of the court.

There were two restraining orders made by the court and an order appointing a receiver under the equity powers of the court.

The court below having found that the transactions of the directors of the defendant company and that the company's business and financial conditions were such as to bring the defendant company within the operation of section 65 of the Corporation act, by virtue of the same section the court had the power to make the restraining orders, assailed here, as invalid.

The power having been conferred by the legislature upon the court of chancery to grant relief in cases arising under section 65 of the Corporation act, it follows, as a matter of course, that the inherent power of the court to appoint a receiver for the purpose of preserving the property in question and the rights of the parties to the litigation intact, is beyond successful attack.

Counsel for appellant next insists that the order, permitting the intervention of creditors of the defendant company whose

claims were not due, in a suit brought by its minority stock-holders in a representative capacity, is invalid.

The answer to this is found in the section itself which permits any creditor or stockholder to commence suit, &c.

A person is no less a creditor because the time for the payment to him of the debt due him, from his debtor, has not matured.

The two other orders attacked as invalid relate to the original order appointing a statutory receiver, and a later order confirming it.

For the appellant it is insisted that the order appointing a statutory receiver is invalid because the appointment was made without notice to the defendant company.

In *Shaw* v. *Standard Piano Co., 87 N. J. Eq. 350,* this court held: "that the appointment of a receiver without affording the defendant an opportunity to be heard upon the application was a taking of its property without due process of law is manifest when it is considered that section 68 of the Corporation act provides that all the real and personal property of an insolvent corporation wheresoever situated, all its franchises, rights, privileges and effects, shall, upon the appointment of a receiver, forthwith vest in him, and that the corporation shall be divested of all title thereto."

This court further held that the provision of section 65 of the Corporation act which authorizes the appointment of a statutory receiver without notice is unconstitutional.

The law does not recognize that any necessity, however great or urgent, can give rise to a legal right extending beyond constitutional limitations.

The argument advanced, by counsel for the respondent, in support of the constitutionality of the provision in section 65 of the act for the appointment of a statutory receiver without notice, with the rights and powers under section 68 of the act is, that, because the defendant was incorporated under that act has only such privileges as the state by the statute gives it, and allowed itself to come into existence under a charter from the state, which was expressly subject to the liability that under conditions which come within the purview of the statute,

application could be made to the court and a receiver appointed, and which terms the defendant accepted by incorporating under the act, therefore, it is not depriving the defendant of any of its rights or due process of law, since the defendant must be considered to have waived its rights when it accepted the charter under a statute containing these provisions.

The unsoundness of this contention is apparent. Persons, whether natural or artificial, will be presumed to have entered into a contract with reference to the valid laws of the state. Only the provisions of the contract which are legally enforceable will control the parties thereto. The fact that the defendant incorporated under an act which contained an unconstitutional provision cannot render the provision enforceable, nor can it confer any power on the court to enforce it.

We think, however, that the objection that the statutory receiver was appointed without notice rests upon unsubstantial grounds.

The order appointing a statutory receiver was made after the amendment and apparently without notice to the defendant, but it appears that this order was subsequently confirmed after due notice.

The appointment of the receiver, therefore, could be sustained upon the second order, made after notice, provided this were a case in which a statutory receiver could be properly appointed, with the broad powers therein conferred.

It is to be observed that the amended bill, as amended, does not proceed upon the theory that the defendant is insolvent but upon the ground that the defendant's business has been and is being conducted at a great loss and greatly prejudicial to the interests of its creditors and stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders.

The original order, made in this case, appointing a statutory receiver sets up the above grounds as the basis of the appointment and states that no adjudication of insolvency is made.

The order confirming the appointment of the receiver sets up no additional ground.

The original order contains the following:

"And it is further ordered that in accordance with the provisions of the statute all the real and personal property of said corporation, wheresoever situated and all its franchises, rights, privileges and effects forthwith vest in the said receiver, and the said corporation is divested of the title thereto."

It is plain that this part of the order is not authorized by either section 65 or 68 of the Corporation act. Section 68 of the act provides:

"All the real and personal property of an insolvent corporation, wheresoever situated, and all its franchises, rights, privileges and effects, shall, upon the appointment of a receiver, forthwith vest in him, and the corporation shall be divested of the title thereto."

It is clear that this section only applies to receivers appointed for corporations adjudged insolvent. Therefore, that part of the order above recited is erroneous.

The appointment of the statutory receiver will be sustained, but modified to the extent of eliminating therefrom that part of the order above quoted.

The various orders appealed from will be affirmed, except that the order appointing the statutory receiver will be affirmed, with the modification above directed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS—11.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS—11.