Complainant files his bill praying that the defendant, Pappas Brothers and Gillies Company, be enjoined from exercising its corporate franchise and the further prosecution of its business and from disposing of or encumbering any of its assets; that the individual defendants, Christos Pappas and Evangeli Pappas be enjoined from any further management of or participation in the business affairs of the corporation; that said individual defendants be compelled to account for all moneys or property of the corporation received by them, and that they be ordered to pay to the corporation any amount found to be due it by them; that the corporation be decreed to be indebted to the complainant for services rendered and be directed to pay him; and that a receiver be appointed for the corporation under the general equity powers of this court, or under the power and authority of R.S.14:14-3.
The defendant corporation operates a fruit, berry and vegetable canning and packing plant at Cologne, in Atlantic County. The business was established in 1921 and, until the creation of the defendant corporation January 12th, 1925, was conducted as a partnership venture by the complainant, and the defendants Christos Pappas and Clemensis Pappas. The defendant Evangeli Pappas was given an interest in the business when it was incorporated and, on or about April 2d 1943, Clemensis Pappas sold his interest, represented by 62 1/2 shares of common stock, to the corporation. Christos, Clemensis and Evangeli Pappas are brothers.
Complainant alleges that a disagreement arose between him and Clemensis and Christos Pappas in the year 1941 as the result of the purchase by them, with funds of the corporation, *Page 204 
of two automobiles for their own personal use, and that thereafter the parties continued to disagree until June 19th, 1944, when, without notice to complainant, a meeting purporting to be a meeting of the board of directors of the defendant corporation was held by Christos Pappas and Evangeli Pappas and a resolution adopted reciting the acceptance of the resignation of complainant as secretary and treasurer of the corporation; that complainant was the duly elected secretary and treasurer of the corporation, but had not resigned. Complainant also charges in his bill that after June 19th, 1944, the defendant Christos Pappas assumed the authority to make and draw checks, drafts and other instruments of the corporation, and that he began to systematically extract funds from the corporation for his own personal use and the use of his family; that in the year 1944, vegetables, berries and fruits purchased by the corporation for canning, and cans owned by it, were disposed of by the defendant Christos Pappas and the moneys derived therefrom diverted to his own use; and that on March 10th, 1945, a meeting purporting to be a meeting of the stockholders of the defendant corporation was held at its office; that the only stockholders present were Christos and Evangeli Pappas; that no notice of the meeting was forwarded to or received by complainant; and, that Christos and Evangeli Pappas, the only persons present, by resolution approved of all the acts of themselves in their administration of the business affairs of the company for the year 1944, and for the future, empowered Christos Pappas to fully manage the business of the corporation; that all of the stock of the defendant corporation is owned by complainant, Christos Pappas and Evangeli Pappas, each holding one-third; and that Evangeli Pappas is under the absolute domination and control of Christos Pappas.
In the second cause of action set forth in complainant's bill he charges that the business of the corporation has been and is being conducted at a great loss.
Upon the filing of complainant's verified bill an order to show cause why the relief prayed for by complainant in his bill of complaint should not be granted was allowed. On the return day of the order the defendants filed lengthy affidavits *Page 205 
categorically contradicting or denying every allegation of complainant's bill and affidavits pertinent and material to complainant's motion for the imposition of immediate restraint upon the defendants and the appointment of a receiver for the defendant corporation. Memoranda of law were filed with the court and counsel have been heard in extensive argument.
The individual defendants not only deny all of the charges of fraud made against them by the complainant but go further and assert that at the present time, and for some considerable time in the future, there will be no purchasing or canning of fruits, berries or vegetables. "It is entirely settled that a preliminary injunction will never be ordered unless from the pressure of an urgent necessity. The damage threatened to be done, and which it is legitimate to prevent, during the pendency of the suit, must be, in an equitable point of view, of an irreparable character."Citizens Coach Co. v. Camden Horse Railroad Co. (Court ofAppeals, March, 1878), 29 N.J. Eq. 299.
Chief-Justice Beasley, speaking for the court in the CitizensCoach Co. Case, supra, also said: "The general rule, subject to but a few exceptions, is, that if the facts constituting the claim of the complainant for the immediate interposition of the court are contraverted, under oath, by the defendant, the court will not interfere at the initial stage of the case." Vice-Chancellor Walker added in Allman v. United Brotherhoodof Carpenters and Joiners of America, 79 N.J. Eq. 150;81 Atl. Rep. 116; affirmed, 79 N.J. Eq. 641; 83 Atl. Rep. 1118 that "To doubt is to deny. To justify the issuing of an interlocutory injunction the case made by the complainant must exhibit a right free from doubt or reasonable dispute."
Proof of insolvency is not a prerequisite to the appointment of a receiver for a corporation. Where there is a gross abuse of trust, or dissension among the members of the board of directors or stockholders, or the absence of a properly constituted board of directors, there may be the necessity of judicial intervention and a court of equity may, under its general powers, appoint a receiver and grant such other relief as may *Page 206 
be necessary. Morse v. Metropolitan Steamship Co., 87 N.J. Eq. 217; 100 Atl. Rep. 219; modified, 88 N.J. Eq. 325;102 Atl. Rep. 524. However, this court should not and, ordinarily, will not appoint a receiver for a solvent corporation upon affidavits, the truth of which are denied in counter-affidavits. It seems to me obvious that the interested parties who have, under oath, made irreconcilable statements of fact should be heard in open court, where they may be subjected to cross-examination. I shall not, therefore, presently advise an order enjoining the defendants or presently appoint a receiver under the general equity power of this court. Nor, shall I advise an order appointing a receiver under the statute, R.S. 14:14-3; the fact situation contemplated by the legislature in framing that statute has not been met by the complainant.