SARAH DORF, individually and as executrix of the estate of Barney Dorf, deceased; ISIDOR KATZ and ANNIE KATZ, complainants-appellants,

*v.*

HILL BUS COMPANY, a corporation of New Jersey, ERNEST CAPITANI, MARY CAPITANI and ERNEST A. CAPITANI, JR., defendants-respondents.

---

SARAH DORF, executrix of the estate of Barney Dorf, deceased, and ISIDOR KATZ, complainants-appellants,

*v.*

ROCKLAND COACHES, INC., a corporation of New Jersey, ERNEST CAPITANI, MARY CAPITANI and ERNEST A. CAPITANI, JR., defendants-respondents.

[Argued May term, 1947. Decided September 12th, 1947.]

*Messrs. Winne & Banta.(Mr. Walter G. Winne,* of counsel), for the appellants.

*Messrs. Milton, McNulty & Augelli (Messrs. Messano & Messano, Mr. Thomas G. McNulty* and *Mr. Louis.J. Messano,* of counsel), for the respondents.

*Mr. Richard V. Stein, pro se.*

*Mr. Thomas R. Armstrong, pro se.*

The opinion of the court was delivered by

Colie, J.

These appeals bring up for review a decree of the Court of Chancery dismissing the amended bills of complaint filed by Sarah Dorf, individually and as executrix of the estate of Barney Dorf, deceased, Isidor Katz and Annie Katz against

Hill Bus Company, Ernest Capitani, Mary Capitani and Ernest A. Capitani, Jr., and a like decree in the matter of Isidor Katz and Sarah Dorf, executrix of the estate of Barney Dorf, deceased, against Rockland Coaches, Inc., and the above named individual defendants.

Upon the filing of the bills a custodial receiver was appointed and orders to show cause issued. At the argument on the return of the orders, technical defects came to light and the court discharged the orders to show cause and directed the receiver to restore to the defendants their property. Thereafter, amended bills of complaint were filed. The allegations in the Hill Bus Company and Rockland Coaches, Inc., cases are generally of the same tenor, raise identical questions and are treated herein as though but one decree was involved.

Summarized, the bills of complaint set up that Isidor Katz and Barney Dorf or their nominees owned a 50% stock interest in each corporation and that Capitani, Sr., or his nominees owned the remaining 50%. Prior to the death of Barney Dorf on February 12th, 1946, he was treasurer and a director. Thereafter the officers and directors were: Ernest Capitani, president and director; Ernest A. Capitani, Jr., secretary and director; Isidor Katz, vice-president and director.

Beginning in 1942 the corporations' business increased greatly and it is alleged that simultaneously Capitani, Sr., began to assert his position as president and took over the running of the businesses. The situation as set forth in the bills of complaint may be summarized by quoting two paragraphs therefrom:

"The present conflict and impasse is the culmination of five years of bickerings and disputes between Capitani on the one hand and the late Barney Dorf and the complainant Isidor Katz on the other. Capitani has continually refused to discuss matters relating to the policy and management of the company. The protests of the late Barney Dorf and the complainant Isidor Katz would be met by Capitani's statement that 'I am running the show.'

"On numerous occasions the late Barney Dorf and the complainant Isidor Katz attempted to get together with Capitani, but he brushed them aside. At every conceivable opportunity

Capitani humiliated them in the presence of the employees and gave them to understand that he was 'the boss.' "

It is then charged that Capitani, Sr., endeavored to usurp control of the corporations, has excluded Katz from participation in management and has refused Sarah Dorf, individually or as executrix, representation on the board of directors.

The prayer is that a receiver or trustee be appointed to take possession of the corporate assets so that they may be distributed among the creditors and shareholders and that the corporations be dissolved pursuant to *R. S. 14:13–15* or that the court exercise its inherent power and decree a liquidation and distribution of the corporate assets.

On April 23d, 1946, defendants gave notice of motion to dismiss the amended bills of complaint for want of equity and on May 17th, 1946, complainants petitioned the court to dismiss the bills of complaint. On October 16th, 1946, the decrees under appeal were entered, dismissing the bills of complaint; denying complainants' petition to dismiss their bills; allowing the custodial receiver fees of $1,750 in each case; allowing the master who countersigned the checks $476.19 and $635.22; and counsel for defendants $2,500 in each case.

The petition of appeal asserts error in dismissal of the bills of complaint with prejudice, in denial of complainants' motion to dismiss the bills, and error in the making of allowances to the receiver, the master and counsel for defendants.

Appellants' first point is that there is statutory authority for dissolution in equity where there is a deadlock among stockholders and equal ownership of stock by each opposing interest, and relies upon *R. S. 14:13–15*. That statute, so far as here pertinent, provides that "Every corporation organized under Title 14 of the Revised Statutes may be dissolved by the decree of the Court of Chancery when it is made to appear that the corporation has an even number of directors who are equally divided respecting the management of its affairs, * * *." The language of this statute could not be more specific in delineating its scope. The jurisdiction is dependent upon the existence of facts which bring it within the quoted language. In the present cases there are three

directors and the statute requires "an even number of directors." There exists no jurisdiction under the statute to grant the relief prayed for.

It is next urged that the Court of Chancery may, under its inherent equity power, take over the administration of corporate assets and distribute them ratably. As a general proposition, this is beyond dispute. *In re New Jersey Refrigerating Co., 95 N. J. Eq.* (at *p. 221*), and cases therein cited. However, such power is "to be exercised with great caution and only for such time and to such an extent as may be necessary to preserve the property of the corporation and protect the rights and interests of its stockholders. As soon as a lawfully-constituted and competent governing body comes into existence * * * the court must lift its hand and retire." *Edison* v. *The Edison Phonograph Co., 52 N. J. Eq. 620.* In the cases under consideration, the respective boards of directors are lawfully constituted. There is no suggestion to the contrary. That they are incompetent is neither alleged in the bills nor stated by way of conclusion in the affidavits filed. In fact, the complainants have characterized the relation between the antagonistic groups as "bickerings and disputes" and our study of the record leads us to the same conclusion. The corporations are operating effectively and gainfully. The situation falls far short of demanding the intervention of the court to protect the stockholders' interests.

There was no error in the dismissal of complainants' petition to dismiss their bills of complaint. The petition was presented only after complainants were confronted with the motions to dismiss their bills and the situation is on all fours with *American Safety Razor Co.* v. *Weissbard, 125 N. J. Eq. 189,* which this court said was not a voluntary dismissal within the meaning of *R. S. 2:29–130.*

The court below awarded to the receiver $1,750 in each case or a total of $3,500; to the master for countersigning checks $476.19 and $635.22 or a total of $1,111.41; to the receiver's accountants $1,281.50 and to counsel for the defendants $2,500 in each case or a total of $5,000. These fees are attacked on this appeal and while we agree with the award of fees in each instance and their inclusion in the costs

taxed against complainants, we do not agree with the amounts. A careful examination of the record leads to the conclusion that they are grossly excessive. The receiver's allowance is reduced to $875 in each case, the master's allowance to $200 in each case, the receiver's accountants to $750 and counsel $1,250 in each case.

Except as so modified, the decrees under appeal are affirmed, and the causes remanded to the Court of Chancery to the end that decrees may be entered in conformity with the views herein expressed.

No. 207 (with No. 206)—

*For modification*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD; EASTWOOD, BURLING, DILL, FREUND, McLEAN, JJ. 11.

*For modification not on opinion*—McGEEHAN, J. 1.

No. 206 (with No. 207)—

*For modification*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, DILL, FREUND, McGEEHAN, McLEAN, JJ. 12.