35 N.J. Super. 601 (1955)
114 A.2d 751
JACOB FREIDUS, CLAIRE FREIDUS AND 601 WEST 26 CORP., PLAINTIFFS,
v.
JOSEPH E. KAUFMAN, ZELDA KAUFMAN AND CHELSEA HOTEL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 17, 1955.
*604 Mr. Murray Fredericks, attorney for plaintiffs.
*605 Mr. Louis B. Englander, attorney for defendants Joseph E. Kaufman and Chelsea Hotel Corp. (Mr. Robert A. Vanderbilt, of counsel).
Mr. Frank P. Mulligan, attorney for defendant Zelda Kaufman (Messrs. Kirkman, Mulligan & Harris, attorneys).
Mr. William Elmer Brown, Jr., attorney for defendant Martin Shamberg (Messrs. Brown & Frank, attorneys).
HANEMAN, J.S.C.
Plaintiffs herein seek the dissolution of the Chelsea Hotel Corporation under the Deadlocked Corporation Act, N.J.S.A. 14:13-15, and for the appointment of a receiver of said corporation.
The complaint herein was filed on February 25, 1955 and contained voluminous affidavits and exhibits, to which more particular reference is hereinafter made.
On February 11, 1955 this court granted an order to show cause under the terms of which the defendants were directed to show cause why the defendant corporation should not be dissolved pursuant to N.J.S.A. 14:13-15, and a statutory receiver appointed for said corporation. The order further directed "that defendants show cause why such further and other relief should not be granted as may be just and proper." Plaintiffs as well sought the consolidation of the present action with an action in lieu of prerogative writ commenced in the Superior Court, Law Division, Atlantic County, entitled Joseph E. Kaufman and Chelsea Hotel Corporation v. Martin Shamberg.
Upon the return day of the order to show cause the defendants did not make any motion nor file an answer, but filed controverting affidavits denying that the plaintiffs were entitled to the relief demanded on the grounds that (1) under the provisions of N.J.S.A. 14:13-15 the action must be plenary and not summary; (2) plaintiffs having participated in the above referred to action commenced in the Law Division, are precluded from maintaining the present action; (3) the complaint and affidavits do not contain any proof of a deadlock.
*606 As far as here material, it is admitted by the affidavits of both defendants and plaintiffs that the defendant corporation, as originally organized, authorized the issuance of 2,000 shares of capital stock in the following amounts, i.e., 500 shares to Jacob Freidus, 500 shares to Claire Freidus, wife of Jacob Freidus, 500 shares to Joseph E. Kaufman and 500 shares to Zelda Kaufman, wife of Joseph E. Kaufman. The stock as so authorized was actually issued to said persons in the amounts as above set forth.
Plaintiffs allege that 601 West 26 Corp. is the present owner of the stock initially issued to them and having been by them assigned to it. They further allege that they are qualified directors of the defendant corporation, under N.J.S.A. 14:7-2, since they are bona fide shareholders holding 25% of the capital stock in said 601 West 26 Corp.
The defendants, on the other hand, although admitting the assignment of the stock to said 601 West 26 Corp., allege that by virtue of article 4, section 1 of the by-laws of the defendant corporation, which reads, in part, as follows: "Every director must be the registered bona fide owner of at least one share of stock in the corporation," the individual plaintiffs became disqualified to hold office as directors upon their failure to retain, individually, at least one share of stock each. The defendants further allege that as a result of a meeting of the two defendants Kaufman as surviving directors, held on August 10, 1954, due notice of which was given to the plaintiffs Freidus, one Sidney Kaufman, the owner of one share of stock, apparently assigned to him by one or the other of the Kaufmans, was elected a director of said corporation.
It is to be noted in this connection that in the action commenced by the individual defendants in the Law Division of the Superior Court the defendant Joseph E. Kaufman filed an affidavit dated August 10, 1954 in which he then alleged that neither of the individual plaintiffs were qualified directors of the defendant corporation, since "Jacob Freidus, for more than four years, has not been a stockholder" and "Claire Freidus has also assigned or transferred some or all *607 of her stock in the Chelsea Hotel Corporation." In that action, he alleged that he was unable to obtain custody of the books and records of the corporation and could therefore not ascertain when or to whom their respective shares of stock had been assigned.
Insofar as the defendants' first defense is concerned, I agree that the proceedings under N.J.S.A. 14:13-15 should not be here heard in a summary manner upon affidavits which, as here, raise issues of fact, but should be processed as in a plenary action, wherein a summons has been issued, by the filing of an answer, and the normal plenary proceedings thereafter. R.R. 4:85-4. A proceeding of this type is so harsh and of such importance and moment that there must be afforded and accorded to the respective parties litigant the full benefit not only of the pretrial discovery provisions of our rules, but also of a final hearing and the attendant opportunity to confront and cross-examine witnesses. In re Evening Journal Association, 1 N.J. 437 (1949); RKO Theatres v. Trenton-New Brunswick Theatres Co., 9 N.J. Super. 401 (Ch. Div. 1950).
I find no merit in defendants' contention that an action under N.J.S.A. 14:13-15 may not be commenced in a summary manner. This statute, in part, reads as follows:
"The provisions of chapter thirteen of Title 14 of The Revised Statutes shall be applicable hereto, except so far as they be inconsistent with the provisions hereof."
N.J.S.A. 14:13-7 makes general provision for the appointment of a receiver to liquidate any corporation dissolved in any manner. The manner of proceeding under this statute is identical with that undertaken in the case sub judice.
The jurisdiction conferred by the above cited statute on this court is also akin to that conferred by N.J.S.A. 14:14-3 for the dissolution and winding up of an insolvent corporation. In re Evening Journal Association, 1 N.J. 437 (1949). The proceedings as are here undertaken are identical *608 with the manner in which proceedings are commenced either under N.J.S.A. 14:13-7 or 14:14-3.
Interestingly, the files in the following matters, adjudicated under N.J.S.A. 14:13-15, disclose that they were all commenced in a summary manner by petition or complaint and order to show cause:  RKO Theatres v. Trenton-New Brunswick Theatres Co., 9 N.J. Super. 401 (Ch. Div. 1950); In re Collins-Doan Co., 3 N.J. 382 (1949); In re Evening Journal Association, 1 N.J. 437 (1949); Dorf v. Hill Bus Co., 140 N.J. Eq. 444 (E. & A. 1947). In none of these cited cases does there appear to have been any objection to the form of action, except in In re Evening Journal Association, 1 N.J. 437 (1949). The file there discloses no specific order denying a motion to dismiss upon the ground that the action should have been commenced by summons and complaint, but there does appear an order granting the defendant leave to file an answer. This order is tantamount to a denial of the motion to dismiss. It would seem, therefore, that not only does the statute permit an action under N.J.S.A. 14:13-15 to be brought as here, but as well that by implication, at least, the Superior and Supreme Courts of this State have recognized and approved the propriety thereof.
The plaintiffs are not entitled to a final judgment of dissolution upon a proceeding undertaken under N.J.S.A. 14:13-15 as here, upon affidavits, in a summary manner, and I direct that the defendants be accorded a reasonable opportunity to file an answer, after which the procedure shall be as in a plenary action, wherein a summons has been issued.
I see no merit in the defendants' contention that the individual plaintiffs participated in the above referred to action in lieu of prerogative writ, and that they are therefore barred from participating in this action. The record discloses that they were not served with process, in spite of the fact that the present defendants Joseph E. Kaufman and Chelsea Hotel Corporation, plaintiffs in that action, were there granted leave to amend their complaint and join them as parties, and did so amend. They were neither served nor did they participate in that litigation.
*609 Insofar as the jurisdictional requisites of this action are concerned, no needful purpose would be served to delineate at length the many varied and divers conflicts between the four individual litigants. However, it must be self-evident from the allegations and affidavits filed, not only in the present action but in the action in the Law Division as well, that there is a sharp dispute as to policy between the Freidus and the Kaufman groups of stockholders.
I find as a fact that the voting shares of the Chelsea Hotel Corporation are equally divided between two independent ownership interests and that one-half thereof is owned or controlled by the Freidus group, who are persons favoring the course and views of the said Freidus group, and the other one-half is owned or controlled by the Kaufman group, favoring the course or views of the said Kaufman group. I find also as a fact that this action for the dissolution of the Chelsea Hotel Corporation is brought by the Freidus group, holding a one-half of the voting shares, and that they are unable to agree with the Kaufman group, holding the other one-half of said shares.
The certificate of incorporation of the said corporation contains the following provisions:
"* * * and in case of any vacancy among the directors through death, resignation, disqualification or other cause, the remaining directors, by the affirmative vote of a majority of the Board of Directors, may elect a successor to hold office for the unexpired term of the director whose place shall be vacant and until the election of a successor."
The by-laws of said defendant corporation contains the following provisions:
"Section 1. The property and business of this corporation shall be managed by its Board of Directors, four in number. They shall be elected by the stockholders at the annual meeting of the stockholders of the corporation and each director shall be elected to serve for the term of one year and until his successor shall be elected and qualify. Every director must be the registered bona fide owner of at least one share of stock in the corporation.
A majority of directors shall constitute a quorum for the transaction of business, but the director or directors present, if less than *610 a quorum, may adjourn any meeting from time to time until such quorum shall be present. All questions coming before the Board shall be determined and decided by a majority vote. Each director shall be entitled to one vote at all meetings of directors."
I find as a fact that the certificate of incorporation and the by-laws of the defendant corporation make provision for a board of directors of four members and that said board, as initially constituted, was composed of the two individual plaintiffs and the two individual defendants.
The Kaufmans argue that since they were the only two qualified directors remaining on August 10, 1954, they had the power to fill the two vacancies created by the disqualification of Jacob and Claire Freidus. As a result, they argue that the board now has a membership of three members by their election of Sidney Kaufman, and that there is not a stalemate between an even number of directors as required in the cited statute.
The general rule in New Jersey, in the absence of some provision in the charter or by-laws, is that a majority of the directors is necessary to constitute a quorum to transact business.
In the absence of any regulation in the organic law, a majority of the body constitutes a quorum, and only when such a quorum is convened can a majority thereof do any act within the power of the body. Donohue v. Campbell, 98 N.J.L. 755 (E. & A. 1923); In re Webster Loose Leaf Filing Co., 240 F. 779 (D.C.N.J. 1916); Holcombe v. Trenton White City Co., 80 N.J. Eq. 122 (Ch. 1912); Wells v. Rahway White Rubber Co., 19 N.J. Eq. 402 (Ch. 1869); Holcomb's Ex'rs v. President and Managers of N.H.D.B. Co., 9 N.J. Eq. 457 (Ch. 1853). When there is less than the minimum number of directors as required by statute, the balance cannot act as a board except in regard to the ordinary internal affairs of the corporation which must be carried on from necessity. Wright v. First National Bank, 52 N.J. Eq. 392 (Ch. 1894), reversed on other grounds Kuser v. Wright, 52 N.J. Eq. 825 (E. & A. 1894); 13 Am. Jur., p. 918; 2 Fletcher Cyc. Corp. (1954 ed.), sections 419, 420, 421.
*611 N.J.S.A. 14:7-1 reads as follows:
"The business of every corporation shall be managed by its board of directors, not less than three in number. Directors shall be chosen annually by the stockholders, at the time and place provided in the by-laws, and shall hold office for one year and until others are chosen and qualified in their stead."
N.J.S.A. 14:7-7 reads as follows:
"Any vacancy occurring among the directors or in the office of president, secretary or treasurer, however caused, shall be filled in the manner provided in the by-laws. In the absence of such provision any vacancy shall be filled by the board of directors."
The manner and method of filling vacancies in the board of directors of the defendant corporation, as set forth in its certificate of incorporation, provides that any vacancy occurring may be filled only by the affirmative vote of a majority of the board of directors. This connotes a majority of the full number of authorized directors.
The by-laws provide that a majority of the board of directors constitute a quorum for the transaction of business. Upon reading the certificate of incorporation in the light of the by-laws and the applicable statute, the conclusion is further strengthened that a majority of the entire board of directors  a total of three  must be present at any meeting to legally transact corporate business, including the filling of a vacancy in the said board.
It follows, therefore, that if the defendants are correct and the individual plaintiffs have become disqualified as directors of the defendant corporation, the individual defendants, as directors, had no power or authority, either under the statute or under the certificate of incorporation or the by-laws, to fill the vacancies thus created. As a matter of fact, since the vacancies thus created could not legally be filled by the remaining two directors, there did not and there does not now exist a quorum as required under the by-laws of said corporation to conduct the business of said corporation. We find ourselves, therefore, in this anomalous situation: either *612 the individual plaintiffs are still legally qualified directors, in which event it would appear that the board of directors are stalemated or deadlocked, or the individual plaintiffs have disqualified themselves as directors, in which event there is no legal board of directors functioning for the defendant corporation.
The complaint and the relief demanded in the order to show cause here discloses that the complaint was framed not only on the theory of N.J.S.A. 14:13-15, but also on the general equity powers of the Chancery Division. In re Evening Journal Association, 1 N.J. 437 (1949).
Although generally an equity court will not interfere with the internal management of a corporation, it has never been doubted that a court of equity has the power to appoint a receiver and dissolve a corporation because of gross abuse of trust, dissension among the members of the board of directors, or the absence of a properly constituted board of directors. Morse v. Metropolitan Steamship Co., 87 N.J. Eq. 217 (Ch. 1917), affirmed 88 N.J. Eq. 325 (E. & A. 1917); In re New Jersey Refrigerating Co., 95 N.J. Eq. 215 (E. & A. 1923); Gillies v. Pappas Brothers, 138 N.J. Eq. 202 (Ch. 1946); Dorf v. Hill Bus Co., 140 N.J. Eq. 444 (E. & A. 1947); In re Collins-Doan Co., 3 N.J. 382 (1949).
The accusations and counter-accusations by the individual plaintiffs and the individual defendants against each other respectively, alleging gross abuse of trust, dissension and fraud, and the disclosure that there now exists no legally constituted board of directors, warrants the appointment of a custodial receiver pendente lite under the general equity power of this court, even though there be some doubt of the equal division of directors between two conflicting ownership interests and a resulting deadlock, as required by the instant statute.
The relief sought in the complaint and the above-quoted section of the order to show cause are sufficiently broad to warrant the appointment of a custodial receiver. It would seem, therefore, that in the public interest and for the proper protection of the stockholders, creditors and others who might *613 do business with the defendant corporation, and the protection of the res here involved, there is a necessity for the present judicial intervention of this court, at least under its general Chancery powers, to appoint a custodial receiver and to grant such other relief as may be necessary, pendente lite, in order to prevent probable immediate, substantial and irreparable injury, loss or damage.
There are so many common questions of fact involved in this suit and the suit in the Law Division, arising out of the same transaction or series of transactions, that the two suits will be consolidated for trial. R.R. 4:43-1.
An order will be entered accordingly.