61 N.J. Super. 74 (1960)
160 A.2d 148
HARRY ROTHMAN, PLAINTIFF-RESPONDENT,
v.
HARMYL INN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1960.
Decided April 12, 1960.
*76 Before Judges CONFORD, FREUND and HANEMAN.
Mr. W. Louis Bossle argued the cause for defendant-appellant.
Mr. C. Zachary Seltzer argued the cause for plaintiff-respondent.
The opinion of the court was delivered by HANEMAN, J.A.D.
Plaintiff filed a complaint alleging that he was a stockholder of Harmyl Inn, Inc., a corporation of the State of New Jersey; that he is the owner of *77 more than 10% of the capital stock of said corporation, holding 66-2/3 shares out of a total issue of 267-1/2 shares of said stock.
Paragraph 9 of the complaint reads:
"9. The business of said corporation * * * has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors and its stockholders so that its business cannot be conducted with safety to the public and advantage to the stockholders."
Paragraph 14 of the complaint reads:
"14. The plaintiff asks that this Court appoint a Receiver under the provisions of the statute in such case made and provided * * *."
The demand for relief reads as follows:
"(A) Adjudicating that the business of the defendant, Harmyl Inn, Inc., is being conducted at a great loss, and greatly prejudicial to the interest of its creditors and stockholders, and
(B) Issuing an injunction to restrain the said company, its directors and its officers, agents and employees from exercising any of its privileges and franchises and from collecting or receiving any debts that become due, and from selling, assigning, transferring any of its money, lands, tenements, contracts or effects, except through a receiver appointed by this Court, and until this Court shall otherwise order.
(C) Appointing a receiver with all the powers that receivers have under the statute in such case made and provided (R.S. 14:14-3 et seq.), and vesting the said receiver with full power and authority provided for by said Statute, to take charge of the assets of the defendant, wheresoever located, and in his discretion to continue the business, and to dispose of any or all of its assets under the direction of this Court.
(D) Directing the defendant to make full disclosure of all of its assets.
(E) Granting such other and further relief as may be necessary."
Plaintiff's affidavit, attached to the complaint, reads:
"16. I ask that this Court appoint a Receiver under the provisions of the statute in such case made and provided * * *."
*78 Upon an ex parte application by the plaintiff, a custodial receiver was appointed and an order to show cause was granted on July 6, 1959, which reads, in part:
"* * * why judgment should not be rendered for the relief sought in said complaint, adjudging that the business of the defendant corporation has been and is being conducted at a great loss and greatly prejudicial to the interest of the plaintiff, creditors and stockholders so that the business cannot be conducted with safety or to the advantage of the plaintiff, its creditors and stockholders, and why an injunction should not issue pursuant to the statutes of the State of New Jersey, in such case made and provided; * * *
AND IT IS FURTHER ORDERED AND ADJUDGED that said defendant corporation * * * show cause before this Court why the said Custodial Receiver should not be appointed as permanent Receiver under the provisions of the Statute and why the plaintiff should not have such other further relief as may be just: * * *."
Defendant moved to dissolve the restraint imposed by the order of July 6, 1959.
After argument, the trial court entered an order on July 22, 1959 which reads, in part:
"This matter being opened to the Court on the return day of an Order to Show Cause Why a Custodial Receiver should not be appointed a permanent receiver under the Statute, * * * [be] appointed Receiver under the Statute and under the General Equity powers of this Court, of the creditors and stockholders of the defendant corporation with all powers incident thereto, and with power to operate the business of the defendant corporation as operating receiver until the further order of this Court, and that he do perform all the duties imposed upon him by the statutes and the law of the State of New Jersey in such case made and provided; * * *." (Emphasis supplied.)
Defendant appeals from the foregoing order. Plaintiff moves to dismiss the appeal.

I.
We shall first treat of plaintiff's motion.
Plaintiff argues that since an order appointing a receiver, whether under N.J.S.A. 14:14-3 (admittedly the statute *79 to which reference was made in the pleadings and order), or under the general equity powers of the court, is interlocutory in nature, the order sub judice is interlocutory and no application having been made to this court within ten days from the date of that order in accordance with R.R. 2:2-3, the appeal should be dismissed.
We are not confronted on this motion with the academic question of whether an order appointing a receiver is an interlocutory order, but rather whether the judgment here appealed is a final judgment. It becomes necessary to consider the applicable statute under which the complaint was framed and the court acted. N.J.S.A. 14:14-3 reads:
"When any corporation shall become insolvent * * * or if its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, any creditor, or any stockholder who owns at least ten per centum (10%) of the capital stock of the corporation, may, in an action, apply to the Superior Court for injunctive relief and the appointment of a receiver or receivers or trustees.
"The court upon such notice as it may direct, may proceed in a summary manner or otherwise.
"If it shall appear to the court that the corporation has become insolvent * * * or that its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders, it may enjoin the corporation and its officers and agents from exercising any of its privileges or franchises and from collecting or receiving any debts, or paying out, selling, assigning or transferring any of its real or personal property whatsoever, except to a receiver appointed by the court, until the court shall otherwise order." (Emphasis supplied.)
R.S. 14:14-4 reads:
"The court of chancery, at the time of ordering the injunction, or at any time thereafter, may appoint a receiver or receivers or trustees for the creditors and stockholders of the corporation. The court of chancery may remove any receiver or trustee and appoint another or others in his place, or fill any vacancy which may occur." (Emphasis supplied.)
*80 A proceeding for the statutory injunction and the consequent permissive appointment of a receiver is summary in nature. N.J.S.A. 14:14-3. R.R. 4:85-1 et seq. govern the procedure for actions permitted by statute to be undertaken in a summary manner. Action is commenced by the filing of a verified complaint, R.R. 4:85-2. No summons shall issue. Process shall be a copy of an order to show cause served at least ten days before the return day, in the manner required for service of summons, R.R. 4:85-3. The defendants shall, no later than two days before the return day, or within such time as the court may allow, serve (a) an answer, (b) an answering affidavit, or (c) a motion returnable on the return day, R.R. 4:85-4. Upon the return day, or on such short day as the court may fix, the court shall hear the matter either on the affidavits and pleadings or as in a plenary trial and "render final judgment thereon." R.R. 4:85-5.
The decision of the court on the return day of the order to show cause under N.J.S.A. 14:14-3 is the final adjudication upon the requested grant of the injunction  the primary relief sought. All that remains to be accomplished is a liquidation of the corporate assets, distribution to creditors and distribution of any surplus to the stockholders. If such surplus be sufficient, however, to warrant resumption of the corporate business or if sufficient additional capital can be obtained for that purpose, the court may permit such resumption of business; otherwise, the court may "make a judgment dissolving the corporation and declaring its charter forfeited and void." N.J.S.A. 14:14-10. A receiver is appointed to accomplish the liquidation of assets and the distribution of the proceeds thereof  a means to carry the judgment into effect. These proceedings under the statute are in the nature of "an equitable quo warranto designed to destroy the corporate existence and not to preserve it." Smith v. Washington Casualty Ins. Co., 110 N.J. Eq. 122 (Ch. 1932). A judgment which grants the injunction and appoints a receiver is no less final because *81 some future orders may possibly become necessary to carry the judgment into effect. See In re Caruso's Will, 18 N.J. 26, 32 (1955).
In Pierce v. Old Dominion Copper Mining & Smelting Co., 67 N.J. Eq. 399, 414 (Ch. 1904) the court held that an order granting the statutory injunction was a final judgment.
Plaintiff argues, however, that on appeal the Court of Errors and Appeals rejected this conclusion in the following language, Pierce v. Old Dominion Copper Mining & Smelting Co., 74 N.J. Eq. 450, 451 (E. & A. 1908):
"We concur in the views expressed by the learned Vice Chancellor so far as they are pertinent to the questions raised by the present appeal, and the decree under review should therefore be affirmed, with costs."
He reasons that the court inferentially approved the conclusion in Franklin Electric Light Co. v. Fort Wayne Electric Corp., 58 N.J. Eq. 543 (E. & A. 1899), in which the court held that the appointment of a statutory receiver was an interlocutory order.
It is first to be noted that the sole question before the court in Pierce, as reported in 67 N.J. Eq. 399, was an application for an interlocutory injunction, 67 N.J. Eq. 418. Second, the appeal concerned in 74 N.J. Eq. 450 was not from the order denying the preliminary injunction treated of in 67 N.J. Eq. 399, but from the denial of a final injunction under the general equity powers of the court after a final hearing, Pierce v. Old Dominion Copper Mining & Smelting Co., 72 N.J. Eq. 595 (Ch. 1907), and cannot be said to have any bearing on the conclusions involving the statutory proceeding. Nor, as pointed out in Pierce, 67 N.J. Eq., at page 419, does Franklin Electric Light Co. v. Fort Wayne Electric Corp., supra, conflict with the earliest Pierce case. In Franklin there was involved an order granting a statutory injunction and the appointment *82 of a receiver. The appeal was only from the appointment of the receiver. The court concluded the appeal was from an interlocutory order.
Any doubt that an adjudication of the statutory requirement for and the granting of an injunction against the exercise of corporate privileges and franchises constituted a final judgment was eliminated by Chancellor Walker in Bull v. International Power Co., 84 N.J. Eq. 6, 9 (Ch. 1914), affirmed 85 N.J. Eq. 206 (E. & A. 1915), where the court expressly held that the judgment was final.
In Laredef Corporation v. Federal Seaboard Terra Cotta Corporation, 131 N.J. Eq. 368 (Ch. 1942), the court said:
"The summary proceeding on bill, answer and affidavits is a final hearing, a proceeding in rem which fixes the status of the corporation in respect of the exercise of corporate powers. Pierce v. Old Dominion, etc., Smelting Co., supra; Bull v. International Power Co., supra; Nottebaum v. Leckie, 3 Cir., 31 F.2d 556, certiorari denied Guaranty Trust Co. of New York v. Noxon Chemical Products Co., 280 U.S. 558, 50 S.Ct. 17, 74 L.Ed. 613. It is `a sort of an equitable quo warranto designed to destroy the corporate existence and not to preserve it.' Smith v. Washington Casualty Ins. Co., supra (110 N.J. Eq. 122, 159 A. 517)."
Laredef was a reiteration of the conclusion in Pierce, 67 N.J. Eq. 399, based upon 38 additional years of practical application and administration of the statutory proceedings by the Court of Chancery.
The primary relief sought under N.J.S.A. 14:14-3 upon the required statutory proof, as above stated, is an injunction against "the corporation and its officers and agents from exercising any of its privileges or franchises and from collecting or receiving any debts * * *." The power of a court to appoint a receiver "at the time of ordering the said injunction, or at any other time thereafterwards," arises only upon and incidental to the grant of that injunction. Absent an injunction against exercise of corporate privileges and franchises, based upon the required statutory finding, the court has no power to appoint a receiver. Pierce v. Old *83 Dominion Copper Mining & Smelting Co., 67 N.J. Eq., at page 414.
Plaintiff argues, however, that no injunction was granted against exercise of corporate privileges and franchises in the case sub judice, and that the appointment of the statutory receiver here is therefore an interlocutory judicial action. Such reasoning is clearly fallacious. No receiver can be appointed under the statute except as incidental to a final judgment granting an injunction. To follow plaintiff's reasoning to its logical conclusion would lead to this anomalous result: Since a statutory receiver can be appointed only contemporaneously with or after entry of a final judgment granting the injunction, if the jurisdictional requisite, i.e., injunctive relief, is not granted, the order is transmuted from a final judgment to an interlocutory order. The appeal here, although in effect from an order appointing a receiver, is as the notice of appeal describes it, from the "Final Judgment * * * entitled Order Appointing Statutory Receiver." It is an attack upon the judgment (order) for failure of the court to make the statutorily required precedent finding "* * * that its [Harmyl Inn, Inc.] business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders," Kron v. Trenton Automotive Collateral Co., 96 N.J. Eq. 162 (Ch. 1924), and the failure or refusal of the court to grant an injunction against an exercise of corporate privileges and franchises.
Further, the receiver is vested with all of the corporate privileges, franchises and property. He may "pledge, sell, assign, transfer, convey and otherwise deal with [the] real and personal property, franchises, rights, privileges, credits and effects" of the corporation. N.J.S.A. 14:14-9. The result of the order appealed from is to clothe the receiver with all of the powers required to implement an injunction against exercise of corporate privileges and franchises based upon the precedent required statutory finding. It is *84 conceivable that the receiver here appointed could completely liquidate the corporate assets without the above essential jurisdictional finding and injunction.
The effect of the appointment of a statutory receiver was the complete crippling of the exercise of corporate functions by the stockholders, officers and directors of the corporation. Whether the failure to grant the injunction against the exercise of corporate privileges and franchises was intentional or inadvertent, the appointment of a "statutory" receiver, to all intents and purposes, attained the same practical objective as such an injunction would have attained. It is, in effect, a final judgment.
The court deleted from the form of order submitted by plaintiff the following:
"It is further Ordered that all creditors, mortgagees, lien holders and stockholders show cause before this Court on the day of, 1959, at 10 o'clock in the forenoon, or as soon thereafter as counsel can be heard, at the Court House, Camden, New Jersey, why the aforementioned Receiver should not be continued, * * *."
This is further indicative of an intent that the judgment be final. The order purports to be a final judgment.
We hold, therefore, that the order, insofar as it purports to be bottomed upon N.J.S.A. 14:14-3 is a final judgment.

II.
We shall next consider the judgment insofar as it purports to appoint a "statutory" receiver. As above noted, absent the required finding of fact and an injunction against the exercise of corporate privileges and franchises, the court is without power to appoint a receiver under N.J.S.A. 14:14-3. Pierce v. Old Dominion Copper Mining & Smelting Co., 67 N.J. Eq. 399, supra. The order, failing to contain the essential injunction, is fatally defective and is therefore void.
In any event, even if we were to conclude for the purposes of this opinion alone that the omission of the *85 injunction from the order was inadvertent, plaintiff failed to prove that defendant's business was "being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders."
Although there was proof that the defendant, from the inception of its business on about July 4, 1958 to the close of business for the winter in October 1958, sustained an operating loss, the business was operated from its reopening in April 1959 to July 1959 at a profit of some $3,200. It should be noted parenthetically that plaintiff was in complete charge of the management of the business from July 4, 1958 at least to August 31, 1958. The defendant has, in addition, from April 1959 to July 1959 paid some $3,000 on account of its indebtedness; paid for the installation of a heating system in the tavern owned by it; promptly paid current bills; and paid current taxes and license fees. Its two principal creditors and its two suppliers of merchandise are satisfied to continue to advance credit. The agent of the receiver who had operated the business from July 10, 1959 to July 20, 1959 considered the business sound and profitable. Plaintiff was, in any event, not entitled to an injunction against the exercise of corporate privileges and franchises.

III.
Plaintiff argues that the court did not err in appointing a receiver under its general equity powers, asserting that the allegations of the complaint and the demand for relief were sufficiently broad to justify such an order.
The complaint contains no averment of fact which, if proved, would entitle plaintiff to the appointment of a general equity receiver. The factual allegations and the demand for relief in the complaint are in the classical form of complaints seeking relief under N.J.S.A. 14:14-3. There is no intimation that plaintiff was seeking redress *86 under the general equity power of the court. The complaint proper "asks this court to appoint a Receiver under the provisions of the statute * * *." Of the five paragraphs of the demand for relief the first three are couched in language extensively paraphrasing N.J.S.A. 14:14-3 and the last two seek to implement the relief demanded by the former.
The order to show cause described the application as for "a judgment * * * that the business of defendant corporation has been and is being conducted at a great loss and greatly prejudicial to the interest of plaintiff, creditors and stockholders * * *," and "injunction * * * pursuant to the statutes of the State of New Jersey * * *" and the appointment of "the Custodial Receiver" as a "permanent Receiver under the provisions of the statute * * *." The order appealed from recites in the preamble that the order to show cause concerned the appointment of "a permanent receiver under the statute." That plaintiff's counsel contemplated that the recourse sought in the complaint was concerned solely with N.J.S.A. 14:14-3 is demonstrated by the argument on the return day where he admitted that the question of the appointment of a general equity receiver came up "because of the answering affidavits and if necessary I ask leave to amend to add the paragraph about dissension and mismanagement." No leave was granted to amend.
Plaintiff argues that his demand for "such other and further relief as may be necessary" is sufficient to entitle him to the appointment of an equity receiver, citing Freidus v. Kaufman, 35 N.J. Super. 601 (Ch. 1955), affirmed 36 N.J. Super. 321 (App. Div. 1955). It should be noted that in Freidus, 35 N.J. Super., at page 612, the court said:
"The relief sought in the complaint and the above-quoted section of the order to show cause are sufficiently broad to warrant the appointment of a custodial receiver. It would seem, therefore, that in the public interest and for the proper protection of the stockholders, *87 creditors and others who might do business with the defendant corporation, and the protection of the res here involved, there is a necessity for the present judicial intervention of this court, at least under its general Chancery powers, to appoint a custodial receiver and to grant such other relief as may be necessary, pendente lite, in order to prevent probable immediate, substantial and irreparable injury, loss or damage."
Freidus is not apposite to the factual allegations of the complaint and the demand for relief in the matter sub judice.
The objectives of pleading, although simplified since 1948, remain the same as at common law. The objective of pleadings is to get to issues where one party asserts the affirmative and the other the negative on questions of law and fact and continues as heretofore but in "simple, concise and direct" language. Grobart v. Society for Establishing Useful Manufactures, 2 N.J. 136, 150 (1949). Plaintiff cannot extend the scope of his pleadings by the filing of affidavits in answer to those filed by defendant. See Grobart v. Society for Establishing Useful Manufactures, supra.
The demand for "other and further relief" has reference to relief incidental to the primary relief sought, i.e., an injunction and the appointment of a receiver under N.J.S.A. 14:14-3 and not to a separate cause of action not specifically pleaded.
The appointment of a general equity receiver of a corporation is only a means to an end. It is not the end in and of itself. Orshefsky v. Mechanics Trust Co. of New Jersey, 20 N.J. Eq. 527 (Ch. 1936). Such receivers are appointed as ancillary or incidental to some other relief sought, and do not become vested with title to corporate assets. They are pendente lite appointees. Smith v. Washington Casualty Ins. Co., 110 N.J. Eq. 122, supra; 45 Am. Jur., Receivers § 28, p. 31; 75 C.J.S., Receivers § 5, p. 662.
The appointment of a general equity receiver was not within the allegations or demand for relief, or appropriate thereto, as stated in the complaint.
Reversed.